**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**FREDRICK J. LEMONS, JR.,**

**Plaintiff,**

**v.** **CASE NO. 25-3025-JWL**

**THOMAS WILLIAMS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Fredrick J. Lemons, Jr., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I. Nature of the Matter before the Court**

Plaintiff filed this action on January 8, 2025, in the District Court of Butler County, Kansas, as a "Complaint for Civil Rights Violations, Negligence, Breach of Duty, Medical Malpractice, Denial of Access to Legal Services, and Failure to Comply with Grievance Procedures." (Doc. 1–1, at 1.) The matter was removed to this Court on February 11, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, the claims in his Complaint are based on his conditions of confinement at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

Plaintiff alleges that his claims arise "from the egregious and prolonged neglect of Plaintiff's rights and concerns during confinement at [EDCF]." (Doc. 1–1, at 2.) He also claims

that he has exhausted all administrative remedies, "including filing grievances through the Secretary of Corrections, who has failed to respond or comply." *Id*. Plaintiff names as defendants: Thomas Williams, EDCF Warden; Jeremy Hoepner; John-Mark Henke; Brian Buchholz; Shawn Chastain; Janelle Buchanan; Craig Brewer; Cody Austin; David Lewis; (fnu) (lnu) Secretary of Corrections; and Heather Cummings.

As Count 1 of his Complaint, Plaintiff asserts the following claims under 42 U.S.C. § 1983: denial of access to medical care and hygiene facilities; falsifying disciplinary procedures and documents; denying access to legal services[1]; retaliation and harassment; and prolonged confinement without proper justification. (Doc. 1–1, at 2.) Plaintiff also asserts a claim in Count 6 based on the failure to comply with grievance procedures and in Count 7 for retaliation. *Id*. at 4–5. Plaintiff also asserts state law claims for Negligence (Count 2); Breach of Duty (Count 3); and Medical Malpractice (Count 4). *Id*. at

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

---

[1] Plaintiff asserts a claim based on the denial of access to legal services again in Count 5. (Doc. 1–1, at 4.)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Counts in the Complaint

### 1. Claims under 42 U.S.C. § 1983

#### A. Count 1: Civil Rights Violations (42 U.S.C. § 1983)

As Count 1, Plaintiff merely sets forth a list of alleged violations as follows:

> a. Denying access to medical care and hygiene facilities.
> b. Falsifying disciplinary procedures and documents.
> c. Denying access to legal services.
> d. Subjecting Plaintiff to retaliation and harassment.
> e. Prolonging confinement without proper justification.

(Doc. 1–1, at 2.) Plaintiff provides no factual support for any of the claims.

#### B. Count 5: Denial of Access to Legal Services

As Count 5, Plaintiff again merely sets forth a list as follows:

> Defendants denied Plaintiff access to legal services, including:
> a. Denying access to legal materials.
> b. Restricting communication with legal representatives.
> c. Failing to provide adequate law library facilities.

(Doc. 1–1, at 4.) Plaintiff provides no factual support for any of the claims.

**C. Count 6: Failure to Comply with Grievance Procedures**

As Count 6, Plaintiff again sets forth a list as follows:

> Defendants, particularly Secretary of Corrections [Secretary's Name] and Heather Cummings, failed to comply with the grievance procedure:
> a. Failing to respond to Plaintiff's grievances in a timely manner.
> b. Refusing to provide documentation.
> c. Ignoring Plaintiff's requests for resolution.
> d. Failing to investigate and address grievances.
> e. Withholding responses to grievances, thereby denying Plaintiff the opportunity to appeal.

(Doc. 1–1, at 4.) Plaintiff then alleges that his representative emailed Heather Cummings on December 5, 2024, inquiring about the status of Plaintiff's grievance response as follows:

> "When was the response sent? It was dated October 23, 2024, but was received on December 3, 2024. It says it was sent through US Mail, but it was not received through US Mail. His Unit Team gave it to him, and the Unit Team did not put a date or signature of when it was delivered to him."

(Doc. 1–1, at 5.) Plaintiff alleges that Cummings responded:

> "I told you we were behind on getting our mail out. We do not fill the date in nor track that. What court is he talking about? I took his concerns from you, and he was responded to. I never planned on providing you with a response and told you that. I told you he would be responded to and could provide you with it if he wished. I'm sorry he isn't satisfied with the response. He will not be able to appeal a grievance, and that will be the final answer provided."

*Id*. at 5–6. Plaintiff provides no further factual allegations.

**D. Count 7: Retaliation**

Plaintiff alleges that "Defendants [SST officer's Names]" retaliated against Plaintiff for exercising his constitutional rights by:

> a. Conducting unlawful cell search.
> b. Seizing and stealing Plaintiff's medications, including pain medication, and essential medical equipment, such as ice containers and bags.

  > c. Removing Plaintiff's medications, including pain medication, and essential medical equipment, such as ice containers and bags.
> d. Failing to provide Plaintiff with necessary medical care and attention, particularly after a recent surgery.
> e. Subjecting Plaintiff to cruel and unusual punishment.

*Id*. at 6–7. Plaintiff provides no further factual allegations.

**2. State Law Claims**

**A. Count 2: Negligence**

Again, Plaintiff merely sets forth a list of alleged violations, stating that Defendants were negligent by:

> a. Failing to provide proper medical attention and documentation for C. Diff. Colitis.
> b. Failing to maintain safe and hygienic living conditions.
> c. Failing to investigate and address grievances.
> d. Failing to provide alternate, natural medical options as needed.
> e. Ignoring Plaintiff's requests for medical attention.

*Id*. at 2–3. Plaintiff provides no further factual allegations.

**B. Count 3: Breach of Duty**

As Count 3, Plaintiff sets forth a list of alleged violations, stating that Defendants breached their duty to Plaintiff by:

> a. Failing to provide access to legal services during confinement.
> b. Failing to investigate and address grievances.
> c. Failing to provide proper medical attention and documentation.
> d. Failing to maintain safe and hygienic living conditions.
> e. Failing to protect Plaintiff from harm.

*Id*. at 3. Plaintiff provides no further factual allegations.

**C. Count 4: Medical Malpractice**

As Count 4, Plaintiff claims that Defendants committed medical malpractice by:

> a. Failing to properly diagnose and treat C. Diff. Colitis.
> b. Failing to provide proper medical attention and documentation.
> c. Failing to provide alternative, natural medical options as

requested.
d. Ignoring Plaintiff's medical needs.

*Id*. at 3–4. Plaintiff provides no further factual allegations.

**IV. DISCUSSION**

1. **Failure to State a Claim**

Plaintiff has failed to provide any factual support for his claims. Instead, he lists his claims as bullet points under each count. As set forth in the Court's screening standards above, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. All of Plaintiff's claims are subject to dismissal for failure to state a claim. The Court will grant Plaintiff an opportunity to submit an amended complaint with sufficient factual support for his claims.

**2. Personal Participation**

Plaintiff fails to name any defendants in his counts and fails to allege who did what to him. He merely uses the collective term "defendants" in his lists of alleged violations.

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d

1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations" are insufficient to support § 1983 claims. *Pahls*, 718 F.3d at 1228 (citations omitted).

**3. Grievances**

The only count in which Plaintiff adds some factual allegations is his claim regarding his grievances. He merely adds the alleged language in an email inquiring about his grievance and

the language in the response.

Plaintiff's claim appears to be based on his dissatisfaction with the grievance process and with defendants' failure to properly respond to his grievances. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

**4. Access to Legal Services**

Plaintiff alleges a lack of access to legal materials, restricted access to legal representation, and failure to provide an adequate law library. He provides no factual support for his claims. Plaintiff fails to state a claim regarding court access.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, it is equally well-settled that in order "[t]o present a viable claim for denial of access

to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing.").

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis*, 518 U.S. at

350–51 (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

The Tenth Circuit has found that whether or not a party is represented by counsel or proceeding pro se "is important because a court-access claim is necessarily intertwined with the assistance *vel non* of counsel." *Carr v. Zwally*, 760 F. App'x 550, 556 (10th Cir. 2019) (unpublished) (citing *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999) ("It is well established that providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library."); *accord Lewis v. Clark*, 577 F. App'x 786, 796–97 (10th Cir. 2014) (unpublished) (affirming dismissal of court-access claim because prisoner was represented by counsel in underlying criminal case)).

**5. Disciplinary Proceedings**

Plaintiff claims disciplinary procedures and documents were falsified. He also claims Defendants are "prolonging confinement without proper justification." Section 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges

punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648.

**6. Jurisdiction**

Plaintiff has asserted multiple claims under § 1983, as well as several state law claims. "If a complaint filed in state court asserts federal-law claims, the defendant may remove the case to federal court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (citing 28 U.S.C. § 1441(a)). "And if the complaint also asserts state-law claims arising out of the same facts, the federal court may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction." *Id.* (citing *see* § 1367). Under § 1367, supplemental jurisdiction "is to some extent discretionary." *Id.* at 27. A district court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* at 32 (citing 28 U.S.C. § 1367(c)(3)). In that situation, "federal law is not where the real action is . . . [s]o although supplemental jurisdiction persists, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Id.* (citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966)).

The Court finds that all of Plaintiff's claims are subject to dismissal for failure to state a claim. The Court is granting Plaintiff an opportunity to file an amended complaint to cure the deficiencies. If he fails to cure the deficiencies and his federal claims are dismissed, the Court will decline to exercise supplemental jurisdiction over any state laws claims that survive. If his amended complaint does not include federal claims, the case would be remanded to state court. *See id.* (noting that an amendment excising all federal claims divests a court of supplemental jurisdiction over the remaining state claims in an original case, and finding that the same applies to a removed case "because, again, § 1367(a) draws no distinction between the two").

**V. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 27, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **March 27, 2025**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (25-3025-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS SO ORDERED.**

**Dated February 27, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**