## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**FREDRICK J. LEMONS, JR.,**

    **Plaintiff,**

    **v.**                            **CASE NO.  25-3025-JWL**

**THOMAS WILLIAMS, et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this action on January 8, 2025, in the District Court of Butler County, Kansas, as a "Complaint for Civil Rights Violations, Negligence, Breach of Duty, Medical Malpractice, Denial of Access to Legal Services, and Failure to Comply with Grievance Procedures." (Doc. 1–1, at 1.)  The matter was removed to this Court on February 11, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.)  Although Plaintiff is currently incarcerated at the Lansing Correctional Facility, the claims in his Complaint are based on his conditions of confinement at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").

On February 27, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 2) ("MOSC") granting Plaintiff until March 27, 2025, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file an amended complaint to cure the deficiencies.  Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff failed to provide any factual support for his claims.  Instead, he lists his claims as bullet points under each count.  The Court advised Plaintiff that "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A]

plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.  The Court found that all of Plaintiff's claims were subject to dismissal for failure to state a claim, and granted Plaintiff an opportunity to submit an amended complaint with sufficient factual support for his claims.

The Court also found that Plaintiff failed to name any defendants in his counts and failed to allege who did what to him.  He merely uses the collective term "defendants" in his lists of alleged violations.  The Court found that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.  The Court advised Plaintiff that an assertion of collective responsibility fails to adequately allege a claim for relief against a specific defendant or to show personal responsibility by an individual defendant. *See Walker v. Mohiuddin*, 947 F.3d 1244, 1249–50 (10th Cir. 2020) (citing *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).  A plaintiff alleging civil rights violations must "isolate the allegedly unconstitutional acts of each defendant" such that his allegations "provide adequate notice as to the nature of the claims against each" defendant. *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  Allegations that a plaintiff's "rights 'were violated' or that 'defendants,' as a collective and undifferentiated whole, were responsible for those violations" are insufficient to support

§ 1983 claims. *Pahls*, 718 F.3d at 1228 (citations omitted).

The Court noted in the MOSC that the only count in which Plaintiff adds some factual allegations is his claim regarding his grievances. He merely adds the alleged language in an email inquiring about his grievance and the language in the response. Plaintiff acknowledges that a grievance procedure is in place and that he used it. Plaintiff's claims relate to his dissatisfaction with responses to his grievances. The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). The Court found that Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances were subject to dismissal for failure to state a claim.

The Court found in the MOSC that Plaintiff failed to state a claim regarding court access. Plaintiff alleges a lack of access to legal materials, restricted access to legal representation, and failure to provide an adequate law library. He provides no factual support for his claims.

Plaintiff claims disciplinary procedures and documents were falsified. He also claims Defendants are "prolonging confinement without proper justification." Section 1983 is not

applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 2, at 13.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 1, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**